Filed 2/16/16  P. v. Hall CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063894 |
| v. | (Super.Ct.No. RIF1101887) |
| ALFONSO DANIEL HALL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is defendant and appellant Alfonso Daniel Hall's second appeal.  This current appeal stems from an order of the trial court partially denying defendant's petition to

1

recall his sentence and for resentencing under Penal Code section 1170.18.[1]  We find no error and will affirm the order.

## I

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Beginning in November 2010, defendant committed a string of armed robberies throughout Riverside and San Bernardino counties, taking between $60 to $3,000. Defendant was eventually apprehended on March 17, 2011, after robbing at gunpoint employees of a Best Western Hotel, and taking $1,038.  Defendant admitted to the investigating officers that he had robbed the Best Western Hotel, and also admitted to committing other robberies throughout two counties.  Police investigation revealed that defendant, sometimes acting alone and other times with an accomplice, robbed employees of numerous small businesses and retail stores at gunpoint.

On July 12, 2011, a 59-count information was filed charging defendant with 22 counts of robbery (§ 211; counts 1-2, 5, 8, 14, 17, 20, 23-24, 27, 30, 34-35, 37-40, 46, 48, 51, 54, 58); two counts of attempted robbery (§§ 664/211; counts 11, 43); two counts of assault with a firearm (§ 245, subd. (a)(2); counts 3, 31); 15 counts of being a felon in possession of a firearm (§ 12021, subd. (a)(1); counts 4, 7, 10, 13, 16, 19, 22, 26, 29, 33,

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  The details of the underlying facts are not relevant to the issue on appeal; hence only a summary of the factual background will be provided.  The summary of the factual background is taken from the preliminary hearing transcript, the probation report, and the reporter's transcript of the change of plea hearing.

42, 45, 50, 53, 56); 16 counts of second degree burglary (§ 459; counts 6, 9, 12, 15, 18, 21, 25, 28, 32, 36, 41, 44, 47, 49, 52, 55); one count of grand theft exceeding $950 (§ 487, subd. (a); count 57); and one misdemeanor count of battery (§ 242; count 59). The information also alleged that defendant personally used a firearm (§ 12022.53, subd. (b), or § 12022.5, subd. (a)) within the commission of 19 robberies and two attempted robberies; that defendant personally used a deadly weapon, to wit, a knife (§ 12022, subd. (b)(1)) during the commission of one of the robberies (count 58); and that a principal was armed with a firearm (§ 12022, subd. (a)(1)) during the commission of two of the robberies (counts 37 & 38). The information further alleged that defendant had suffered one prior serious conviction, to wit, a 2008 attempted residential burglary, (§ 667, subd. (a)) and one prior serious and violent strike conviction, to wit, the same 2008 attempted residential burglary (§§ 667, subds. (c) & (e)(1), 1170.12, subd.(c)(1)).

On January 31, 2012, defendant pled guilty to all charges and admitted all enhancement allegations. Defendant also admitted that he had previously been convicted of a prior serious felony and a prior strike conviction.

On April 2, 2012, after the trial court denied defendant's motion to dismiss his prior strike conviction pursuant to section 1385, defendant was sentenced to a total term of 117 years four months in state prison with credit for time served.

After defendant appealed, in an unpublished opinion, this court affirmed defendant's conviction. (See *People v. Hall* (Jan. 7, 2014, E056037) [nonpub. opn.].)

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (the Act). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, the Act classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

The Act also included a provision that allows certain offenders to seek resentencing. Defendants who are serving a sentence for a felony that would have been a misdemeanor had Proposition 47 been in effect at the time of the offense may file a petition for recall of sentence. (§ 1170.18.)

On December 23, 2014, defendant filed a petition for resentencing under section 1170.18, subdivision (a), as to the grand theft charge, believing the amount of the stolen property was less than $950.

On April 22, 2015, the People filed a response, noting defendant was ineligible as to counts 1 through 5 because those offenses were not qualifying felonies. The People also indicated that defendant's offenses in counts 6 and 9 for second degree burglary were also ineligible because the loss of the stolen property exceeded $950. The People, however, noted that defendant was eligible to be resentenced for his second degree burglary offenses in counts 12, 15, 18, 21, 25, 28, 32, 36, 41, 44, 47, 49, 52, and 55. The People further indicated that those offenses should be reduced to misdemeanors under section 459.5 and that there should be no sentence change since those counts were

4

ordered to be stayed pursuant to section 654. No mention was made as to defendant's conviction for grand theft exceeding $950 (count 57).

On April 22, 2015, the trial court denied defendant's petition as to counts 6 and 9 because the loss exceeded $950, and granted the petition as to counts 12, 15, 18, 21, 25, 28, 32, 36, 41, 44, 47, 49, 52, and 55.[3] Defendant was thereafter resentenced in accordance with the Act.

On June 23, 2015, defendant filed a notice of appeal, challenging the trial court's resentencing order. Defendant also requested a certificate of probable cause, which was denied on June 24, 2015.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

---

[3] No mention was made of count 57 (grand theft exceeding $950). Nonetheless, because the loss of the stolen property exceeded $950, defendant would be ineligible to be resentenced on count 57.

5

In appellate counsel's brief before this court, counsel argues as potential issues whether evidence in the probation report can support the trial court's factual finding required to deny the petition for counts 6 and 9; whether the amount of fines imposed at the time of the original sentencing hearing on April 2, 2012, should be reduced after counts 12, 15, 18, 21, 25, 28, 32, 36, 41, 44, 47, 49, 52, and 55 were reduced to misdemeanors; whether the trial court erred when it failed to consider count 57; and whether there is substantial evidence in the record to support a finding the value of the stolen property exceeded $950.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ                    
P. J.

We concur:


HOLLENHORST          
J.


CODRINGTON          
J.

6